CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

SEP 21 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21CR47 |
| v. | Violations: |
| MANDY GAIL HALL | 18 U.S.C. § 371<br>18 U.S.C. § 1040(a)<br>18 U.S.C. § 1349<br>18 U.S.C. § 1341<br>18 U.S.C. § 1028A |

## INDICTMENT

## INTRODUCTION

The Grand Jury charges that:

### CARES Act and Pandemic Unemployment Benefits

1. Unemployment Insurance (UI) is a state-federal program that provides monetary benefits to eligible lawful workers. Although state workforce agencies administer their respective UI programs, they must do so in accordance with federal laws and regulations. UI payments (benefits) are intended to provide temporary financial assistance to lawful workers who are unemployed through no fault of their own. Each state sets its own additional requirements for eligibility, benefit amounts, and length of time benefits can be paid. Generally, UI weekly benefit amounts are based on a percentage of earnings over a base period. In the Commonwealth of Virginia, the Virginia Employment Commission ("VEC") administers the UI program.

1

USAO # 2021R00460

2. On March 13, 2020, the President of the United States declared the ongoing Coronavirus Disease (COVID-19) pandemic to be an emergency under §501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C §§ 5121-5207).

3. On March 18, 2020, the President signed the Families First Coronavirus Response Act ("FFCRA") into law. The FFCRA provided additional flexibility for state UI agencies and additional administrative funding to respond to the COVID-19 pandemic. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law on March 27, 2020.  The CARES Act expanded states' ability to provide UI for many workers impacted by COVID-19, including for workers who are not ordinarily eligible for UI benefits. The CARES Act provided for several new UI programs, including Pandemic Unemployment Assistance ("PUA") and Federal Pandemic Unemployment Compensation ("FPUC").

4. PUA provided for up to 39 weeks of benefits to individuals who were self-employed, seeking part-time employment, or otherwise did not qualify for regular UI or extended benefits under state or federal law. Under the PUA provisions of the CARES Act, a person who is a business owner, self-employed worker, independent contractor, or gig worker can qualify for pandemic unemployment benefits administered by the VEC if he/she previously performed such work in Virginia and is unemployed, partially unemployed, unable to work, or unavailable to work *due to a COVID-19 related reason*.  The eligible timeframe to receive PUA included weeks of unemployment beginning on or after January

27, 2020, through December 31, 2020.

5. FPUC provided individuals who were collecting regular UI, PUA, and several other forms of benefits with an additional $600 per week. The eligible timeframe to receive FPUC was from weeks of unemployment beginning after April 5, 2020, or the date the respective state had an established agreement with the federal government, whichever was later, through July 31, 2020.

6. On August 8, 2020, after FPUC expired, the President signed a Presidential Memorandum authorizing FEMA to use disaster relief funds pursuant to Section 408 of the Stafford Act to provide supplemental payments for lost wages to help ease the financial burden on individuals who were unemployed as a result of COVID-19. The "Lost Wages Assistance Program" ("LWAP") served as a temporary measure to provide an additional $300 per week via a total of $44 billion in FEMA funds. The period of assistance for LWAP was August 1, 2020 to December 27, 2020.

7. The PUA, FPUC, and LWAP programs (collectively, "pandemic unemployment benefits") are administered by the various states, including the Commonwealth of Virginia, but their benefits are funded by the federal government. In order to receive pandemic benefits, an applicant must access a website maintained and administered by the VEC and file a claim. Separate claims are not filed for PUA, FPUC, and LWAP. Rather, a single claim for PUA, if approved, results in an approved claim for the additional FPUC and LWAP benefits as well.

8. Individuals are only eligible for pandemic unemployment benefits if they are unemployed for reasons related to the COVID-19 pandemic and are otherwise available to work and are seeking employment.

9. To apply for pandemic unemployment benefits via the VEC website, the applicant is required to enter Personally Identifiable Information ("PII") including name, date of birth, Social Security Number, email address, phone number, and physical address. An applicant is then required to answer a series of questions to determine eligibility and payment amount. An applicant must then attest, under penalty of perjury, that the information provided in the claim application is true and accurate.

10. Upon completion, the application is submitted to the VEC. If approved, the applicant can choose whether to have the pandemic unemployment benefits deposited directly into a bank account of the applicant's choosing, or the funds can be loaded on a pre-paid debit card which is then shipped to the applicant via United States Postal Service to the address listed on the application.

11. The recipient of pandemic unemployment benefits receives a unique Personal Identification Number ("PIN") to access the VEC each week to recertify their unemployment status. Payments for pandemic unemployment benefits are based on a seven-day period, from Sunday through Saturday. Thus, the benefits' recipient must certify every seven days that the recipient: was ready, willing and able to work each day; was seeking full time employment; did not

refuse any job offers or referrals; and had reported any employment during the week and the gross pay or other payments received.

12. 108 Twin Circle Drive, Lebanon, VA 24266, is in the Western District of Virginia.

## The Scheme

13. In May 2020, Leelynn Danielle Chytka ("Chytka"), Gregory M. Tackett ("Greg Tackett"), and Jeffery R. Tackett ("Jeff Tackett") developed a scheme and artifice to file fraudulent claims for pandemic unemployment benefits via the VEC website. The scheme and artifice was to submit claims for each co-conspirator, each ineligible to receive pandemic unemployment benefits, by making materially false representations including, but not limited to: the applicant was unemployed as a result of COVID-19; using a fictitious employer as the name of the last employer when the applicant became unemployed due to COVID-19; the applicant was ready, willing, and able to work each day; and the applicant was actively seeking full-time employment.

14. Because pandemic unemployment benefits were paid on a weekly basis, the scheme was a continuing scheme whereby Chytka and her co-conspirators agreed and conspired to file weekly recertifications for the claims they submitted. In so doing, the co-conspirators reverified and recertified the same materially false representations and pretenses as stated above on numerous occasions over the course of the conspiracy.

15. Co-conspirators fell into three general categories: 1) inmates at the SWVRJA-Duffield whose PII was passed on to Chytka by Jeff Tackett so that Chytka could file their fraudulent claims; 2) personal friends of Chytka's and the Tacketts' who provided Chytka with their PII so that Chytka could file their fraudulent claims; and 3) acquaintances of Greg Tackett's who provided Chytka with PII so that Chytka could file their fraudulent claims.

16. Co-conspirators did numerous acts, including, but not limited to, the following acts:

   a. Co-conspirators who were *not* incarcerated at the time of their filing, including MANDY GAIL HALL, conveyed either their PII or the PII of other co-conspirators to Chytka and Greg Tackett for the purpose of filing fraudulent claims.

   b. MANDY GAIL HALL is the mother of Joseph Nathan Hall. MANDY GAIL HALL conveyed Joseph Nathan Hall's PII to Chytka for the purpose of filing a fraudulent claim for pandemic unemployment benefits on Joseph Nathan Hall's behalf. Chytka filed not less than 37 fraudulent claims for pandemic unemployment benefits, including the claim for Joseph Nathan Hall.

   c. Chytka filed the claims electronically accessing the VEC website from her computer while at home in Lebanon, VA.

   d. Once the claims were approved, the VEC mailed via United States Postal Service monetary determination letters, Personal Identification

6

Number (PIN) codes, and pre-paid debit cards in co-conspirators' names to the address listed on their applications.

## COUNT ONE

**(18 U.S.C § 371 – Conspiracy to Defraud the United States)**

The Grand Jury charges that:

1. The information in the Introduction is realleged and incorporated by reference.

2. Between on or about May 5, 2020, and on or about December 31, 2020 in the Western District of Virginia and elsewhere, **MANDY GAIL HALL**, Leelynn Danielle Chytka, Joseph Nathan Hall, and others knowingly and willfully conspired to (1) defraud the United States and (2) commit an offense against the United States, to wit: file fraudulent claims for pandemic unemployment benefits as authorized by, and administered through federal law, in violation of Title 18, United States Code, §1040(a), such benefits being authorized, paid, and disbursed in connection with the Coronavirus Disease (COVID-19) pandemic, an emergency declaration under §501 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. § 5191).

3. It was a part of the conspiracy that **MANDY GAIL HALL** conveyed Joseph Nathan Hall's PII for the purpose of filing fraudulent claims for pandemic unemployment benefits in order for Joseph Nathan Hall to receive funds to which he was not entitled.

4. To effect the object of the conspiracy, the co-conspirators did several

7

acts, including but not limited to those acts described in the Introduction to this Indictment.

5. All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

### (18 U.S.C § 1040(a) – Fraud in Connection with Emergency Benefits)

The Grand Jury charges that:

1. The information in the Introduction is realleged and incorporated by reference.

2. On or about June 10, 2020, in the Western District of Virginia and elsewhere, **MANDY GAIL HALL**, as a principal, aider, and abettor, knowingly made and caused to be made materially false, fictitious, and fraudulent statements and representations on a claim application for pandemic unemployment benefits that were authorized, paid, and disbursed in connection with an emergency declaration under §501 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. § 5191).

3. The materially false, fictitious, and fraudulent statements and representations, to wit: that the claimant (1) had been employed at the time of the COVID-19 outbreak; (2) was unemployed as a result of the COVID-19 pandemic; and (3) was available to work and was actively seeking employment, were made in a matter involving a benefit transported in the mail at some point in the authorization, disbursement, and payment of such benefit.

4. All in violation of Title 18, United States Code, Sections 2 and 1040(a)(2).

## COUNT THREE

**(18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud)**

The Grand Jury charges that:

1. The information in the Introduction is realleged and incorporated by reference.

2. Between on or about May 5, 2020, and on or about December 31, 2020 in the Western District of Virginia and elsewhere, **MANDY GAIL HALL**, Leelynn Danielle Chytka, Joseph Nathan Hall, and others knowingly conspired with each other to commit mail fraud of benefits authorized by, disbursed, and paid in connection with a presidentially declared major disaster or emergency as defined by section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42. U.S.C. § 5122 et. seq.), in violation of Title 18, United States Code, §1341, that is, to devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations, and for the purpose of attempting to execute, and executing such scheme and artifice, knowingly cause to be delivered by mail according to the direction thereon any matter or thing, to wit: government debit cards and monetary determination letters, that were sent and delivered by the United States Postal Service.

3. To effect the object of the conspiracy, the co-conspirators did several acts, including but not limited to those acts described in the Introduction to this Indictment.

4. All in violation of Title 18, United States Code, Sections 1349 and 1341.

## COUNT FOUR
### (18 U.S.C § 1341 – Mail Fraud)

The Grand Jury charges that:

1. The information in the Introduction is realleged and incorporated by reference.

2. On or about June 10, 2020, in the Western District of Virginia and elsewhere, **MANDY GAIL HALL**, as a principal, aider, and abettor, having devised a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses and representations, for the purpose of executing such scheme and attempting to do so knowingly caused to be delivered by mail according to the direction thereon any matter or thing, to wit: monetary determination letters, pre-paid debit cards, and PIN codes, such matter or thing pertaining to benefits that were authorized, paid, and disbursed in connection with an emergency declaration under §501 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. § 5191).

3. The scheme and artifice so devised was to submit fraudulent claims for pandemic unemployment benefits in order for Joseph Nathan Hall to receive

funds to which he was not entitled by means of materially false and fraudulent representations.

4. All in violation of Title 18, United States Code, Sections 2 and 1341.

## COUNT FIVE

### (18 U.S.C § 1028A – Aggravated Identity Theft)

The Grand Jury charges that:

1. The information in the Introduction is realleged and incorporated by reference.

2. On or about June 10, 2020, in the Western District of Virginia and elsewhere, **MANDY GAIL HALL**, as a principal, aider, and abettor, knowingly used and caused to be used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: 18 U.S.C. § 1040 and § 1341, knowing that the means of identification belonged to another actual person, to wit: Joseph Nathan Hall.

3. All in violation of Title 18, United States Code, Sections 2 and 1028A.

A TRUE BILL, this __21__ day of September, 2021.

/s/ Grand Jury Foreperson

/s/ DANIEL P. BUBAR
Acting United States Attorney

USAO # 2021R00460